(42 South. 727.)

No. 16,249.

## ARNOLD, Tax Collector, v. JONES.

(Jan. 7, 1907.)

LICENSES—OCCUPATION TAX—POWER OF VILLAGES TO LEVY.

Defendant resists a license tax, imposed by the board of aldermen of the village of Denham Springs, on the ground that it had not the legal authority to impose the same, as the village was incorporated under section 2 of Act No. 136 of 1898, and that act conferred no authority upon villages to impose taxes of that character.

Plaintiff claims the right under section 16 of Act No. 171 of 1898 to do so. Act 136 must not be referred to for the source of the powers of villages, but Act No. 171. These two acts are separate and distinct, having in view different objects and purposes. They do not clash.

(Syllabus by the Court.)

Appeal from First Ward Justice Court, Parish of Livingston; S. G. Peak, Judge.

Action by C. A. Arnold, tax collector, against George W. Jones. Judgment for defendant, and plaintiff appeals. Affirmed.

Stephen Daniel Corkern (Prentiss Bernard Carter, of counsel), for appellant. Thomas Jones Cross, for appellee.

### Statement of the Case.

NICHOLLS, J. The defendant in this case is engaged in business as a druggist, keeping a drug store where soda water and confectioneries are sold. He is also engaged in business as proprietor of a livery stable in the village of Denham Springs.

That village was incorporated under section 2 of Act No. 136 of 1898, approved July 13, 1898. Its board of aldermen imposed a license tax upon occupations pursued by the defendant, and, being sued for the amount alleged to be due by him, he resists upon the ground that the village was without authority to impose a license tax. The defense was sustained, and the plaintiff has appealed.

### Opinion.

The authority to do so is claimed under Act No. 171 of 1898, approved July 14, 1898. Act No. 136 of 1898 is entitled:

"An act for the creation and government of municipal corporations throughout the state, defining their powers and duties and providing for the extension or contraction of their limits."

Act No. 171 of 1898 is entitled:

"An act to levy, collect and enforce payment of an annual license tax, upon all persons, as-

sociations of persons, or business firms and corporations, pursuing any trade, profession, vocation, calling or business except those who are expressly exempted from such license tax by article 229 of the Constitution, and prescribing the mode and method in which certain persons subject to license shall make report of their business."

Act No. 136, referred to, deals with the subject-matter of municipal corporations generally in the state. It divides them into three classes, "cities," "towns," and "villages." It provides that municipal corporations having 5,000 or more inhabitants are cities, those less than 5,000 and more than 1,000 inhabitants are towns, and those having less than 1,000 and more than 250 inhabitants are villages.

In the thirteenth section of the act the General Assembly declared that each city, town, and village which is incorporated shall be governed by the provisions of this act and shall be a municipal corporation, with the powers therein mentioned in the section, among which was not mentioned a power to levy and collect license taxes on corporations. In the sixteenth section the powers of cities and towns were enlarged; but "villages," by the express language of the section, were "excluded from the benefit of these added powers." In the seventeenth section additional powers were conferred by express mention of name upon "cities and towns" having more than 2,000 inhabitants. Among these additional powers conferred in that section was for the first time granted power to levy and collect license taxes. Villages have no power conferred upon them by that section; but the village authorities rely, as we understand, upon the sixteenth section of Act No. 171, which provides:

"Any municipal or parochial corporation in the state shall have the right to impose a license tax on any business, occupation or profession herein provided for, provided that all such license taxes shall conform to the provisions of article 229 of the Constitution."

The section in question deals merely with municipal corporations which, by the law of their creation, have had granted to them the power of levying and collecting license taxes, furnishing these corporations with the objects upon which they can exercise their powers, already granted them, and fixing the amount of license which can be made available. For the purpose of ascertaining whether particular corporations have the right to levy license taxes, Act No. 136 must be referred to for the source of power. Should they be found to have such power, then Act No. 171 must be referred to, to ascertain upon what it has to be exercised and the extent and mode of doing so.

The two acts are separate and distinct, having in view different objects and purposes. They do not clash.

The judgment appealed from is correct, and it is hereby affirmed.