(43 South. 986.)

No. 16,410.

PARISH OF CALCASIEU v. AVERY.

SAME v. RIGMAIDEN & CO.

(May 13, 1907.)

1. MUNICIPAL CORPORATIONS — LICENSES — RIGHT OF VILLAGE TO COLLECT.

The parish of Calcasieu calls in question in this suit the right of the village of De Quincey to collect and levy license taxes in said village for the year 1906, on the ground that the provisions of Act No. 17, p. 24, of 1902, did not confer such powers upon "villages." Should the village have had such authority at all it contends it only exercised its authority late in January of 1906, and could not do so after the right of the parish to collect licenses in the town had (on the 1st of January, 1906) become vested and fixed by its own ordinances. Though "villages" were not mentioned in the first part of the first section of Act No. 17, p. 24, of 1902, among the municipal corporations upon whom additional powers were therein conferred, such powers were subsequently conferred upon them by the last proviso of that act; they being included in the words "all municipal corporations." If the powers were conferred, it is immaterial as to the particular part of the section wherein the granting of the powers is shown. The section is to be taken and given effect to as a whole.

2. INTOXICATING LIQUORS—TAXES BY PARISH —EXEMPTIONS.

The evidence shows that the village has complied with the terms upon which its right to levy and collect licenses was predicated. The license taxes levied by the village having been equal to those levied by the police jury, it was exempt from the payment of parish license taxes under Act No. 142. p. 313, of 1904.

3. LICENSES — PARISH LICENSE — EFFECT IN CITY—MUNICIPAL LICENSE.

The right of the parish to levy and collect license taxes within the limits of municipal corporations was not absolute. It was held subject and subordinated to the action which might be taken on that subject by the different municipal corporations of the parish under Act No. 142, p. 313, of 1904. Its right to collect licenses in any given corporation ceased as soon as that municipal corporation had, by its action, brought about an exemption therein from liability for parish licenses.

(Syllabus by the Court.)

Appeal from Fifteenth Judicial District Court, Parish of Calcasieu; Edmund Dennis Miller, Judge.

Actions by the parish of Calcasieu against H. Avery and by the same plaintiff against Rigmaiden & Co. Cases consolidated. Judgment for defendant, and plaintiff appeals. Affirmed.

Joseph Gilbert Fournet, for appellant. Winston Overton, for appellee.

NICHOLLS, J. The parish of Calcasieu filed a rule against H. Avery to recover the sum of $500 alleged to be due by Avery for

conducting a saloon in the parish of Calcasieu during the year 1906. Plaintiff about the same time instituted a similar rule for the same amount against Rigmaiden & Co. These two rules for the purposes of trial were consolidated, and hence plaintiff brings both of them up together on appeal. A separate answer was filed in each case by the defendants. A statement of one is the statement of the other. In them the defendants deny any indebtedness whatever to the parish of Calcasieu, pleading the general issue. They admit that they are engaged in the retail of intoxicating liquors, but aver that they are so engaged in the village of De Quincey, a municipal corporation in the parish of Calcasieu; that said village duly levied in December, 1905, and in January, 1906, license taxes equal in amount to those levied by the police jury on all persons conducting business in the village during the year 1906; that among the licenses so levied were those for retailing intoxicating liquors, the lowest therefor being for $500, the same as that claimed by plaintiff. This license they aver that they have paid to the village of De Quincey.

They further aver that the village of De Quincey has power to levy licenses within its corporate limits to the exclusion of the police jury; that the village has brought itself within the purview of Act No. 17, p. 24, of the General Assembly for the year 1902, by declaring its intention to put in during the year 1906 street lights, and that it has actually erected lights for the purpose of lighting the streets and public places of the village. They therefore aver that the licenses now sought to be collected from them are illegal, and pray that plaintiff's demands be rejected. The two cases, after having been consolidated, went to trial on these issues. The lower court found that defendants did not owe the licenses claimed by plaintiff, and rendered judgment for defendants accordingly.

From these judgments, plaintiff appeals.

It was admitted on the trial that the license ordinance in the parish of Calcasieu was enacted by it on December, 1905, that by it the retail liquor license for the year 1906 was fixed at $500, and that the defendants had not paid this parish license.

The village of De Quincey, it is claimed, had been granted the power and authority to collect licenses through and under the first clause of section 1, Act No. 17, p. 24, of 1902. In Arnold, Tax Collector, v. Jones, 118 La. 143, 42 South. 727, this court, prior to the passage of the act relied on, held that villages had no such power. Act No. 17, p. 24, of 1902, is entitled:

"To amend and re-enact section 17 of act No. 136, of 1898, entitled 'An act for the creation and government of municipal corporations throughout the state and defining their powers and duties, and providing for the extension or contraction of their limits.'"

The first section of the act is as follows:

"Be it enacted by the General Assembly of the state of Louisiana, that section 17 of Act No. 136 of the acts of the General Assembly of the state of Louisiana of the Session of 1898 be enacted and re-enacted so as to read as follows, to-wit: That the following additional powers are conferred on mayors and aldermen of cities and towns having more than one thousand inhabitants and incorporated parish seats.

"First. To levy and collect a license tax and regulate all callings, trades, professions, and occupations, conducted, pursued, carried on or operated within the limits of the city or town, or incorporated parish seats, and when the license taxes equal in amount those levied by police juries for parochial purposes, said towns and cities and incorporated parish seats shall be exempt from the payment of parochial licenses. Provided said licenses shall be devoted only to street or sidewalk improvements, or water works or lights or street railways, or sewerage or public school purposes. And further provided that all municipal corporations in the state shall enjoy and exercise the power conferred by this act, provided they shall build water works, lights, sewerage or street railways, within the first year for which they claim the benefits provided by this act."

The section prior to amendment reads:

"The following additional powers are conferred on the mayor and aldermen of cities and towns having more than one thousand inhabitants:

"First, to levy and collect a license tax upon, and regulate all, callings, trades, professions and occupations conducted, pursued, carried on, or operated within the limits of the city or town, and when the license taxes equal in amount to those levied by the police jury for parochial purposes there shall not be collected any parochial licenses."

The first clause of the preceding section (section 16) reads as follows:

"Be it further enacted, etc. The following additional powers are conferred on the mayor and aldermen of cities and towns but not of villages."

In July, 1904, the Governor of the state approved Act No. 142, p. 313, of that year, entitled:

"An act to exempt from the payment of parish licenses or license taxes incorporated municipalities levying license taxes equal in amount to those levied by police juries for parochial purposes."

The first section provides:

"That all incorporated municipalities levying license taxes equal in amount to those levied by police juries of the parishes in which they are situated, shall be and the same are hereby exempt from the payment of parish licenses or license taxes, provided said license tax shall be used for street and sidewalk improvements, water works, light, sewerage, street railways, or public school purposes."

In the brief on behalf of the parish of Calcasieu, counsel say:

"Considering that in Act No. 136, p. 233, of 1898, villages were excluded from the benefit of those added powers, and the act of 1902, whose purpose is to give additional powers to cities and towns of one thousand inhabitants and incorporated parish seats, makes no mention whatever of villages, we cannot understand by what process of reasoning or rule of construction can it be claimed that those powers are conferred upon villages."

We are not now dealing with the powers conferred by the sixteenth section of the act of 1898, from which villages were declared expressly excluded, but with the powers conferred by the seventeenth section of that act.

It is quite probable that the person who drew the proposed amendment to the law had in view at that particular time extension of the powers conferred in section 17 of the act only to the mayor and aldermen of cities and towns having 1,000 inhabitants and incorporated parish seats, but be that as it may that purpose was altered before the amendment was passed and took its present shape. There was no necessity for "villages" to have been named specifically, as they fell legally under the expression "all incorporated municipalities," used in the statute.

There is no legal objection to that change having been made to appear at the end of the section instead of having been inserted at its commencement. We cannot ignore its presence in the act as adopted. We have to give it effect.

The evidence shows that the village has taken the action required by the two provisos of the act to entitle it to levy license taxes for the year 1906. Appellant seems to question the intent of the village to devote bona fide the proceeds of the license taxes which have been levied to the purposes designated in the statute, but we cannot assume that it will not do so. It is true that the continued lighting of the streets has been presently suspended, but this has resulted from the bad condition of the lamps which have been placed on the streets, and measures have been taken looking to their replacing by others. Should the village authorities attempt to divert the proceeds to purposes other than those for which they were levied any one in interest has the legal right to prevent the consummation of the same by injunction. Gray v. Bourgeois, 107 La. 671, 32 South. 42.

Appellant urges that the ordinance of the village levying license taxes for the year 1906 is inoperative, as that ordinance was adopted in the latter part of January, at which time the right of the parish to all licenses for that year had become vested in it under its own prior ordinance for the licenses of that year.

This right claimed for the parish was not an absolute right, but one held by it subordinated ab initio to the action which might be taken in respect thereto by the various municipal corporations under Act No. 142, p. 313, of 1904. When the village levied license taxes equal in amount to those levied by the parish, the effect thereof was to operate ipso facto an exemption from parish license taxation.

We are of the opinion that the judgment appealed from is correct, and it is hereby affirmed.